JUDGE WOODS

14 CV 1827

Lauren X. Topelsohn (LT 2759)
MANDELBAUM, SALSBURG, LAZRIS & DISCENZA, P.C.
155 Prospect Avenue
West Orange, New Jersey 07052
T. (973) 736-4600
F. (973) 736-4670

Lawrence H. Kunin (pro hac vice admission to be applied for)
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Rd. N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------

WATSON-MARLOW LTD. and
WATSON-MARLOW, INC.

    Plaintiffs,

- against -

CHANGZHOU PREFLUID
TECHNOLOGY CO., LTD., and
PREFLUID TEC USA.

    Defendants.

-----------------------------------

Civil Action No. _____

**COMPLAINT AND JURY DEMAND**

Plaintiffs Watson-Marlow Ltd. ("**WML**") and Watson-Marlow, Inc. ("**WMI**") (collectively, WML and WMI are "**Plaintiffs**"), through their undersigned attorneys, by way of their Complaint requesting temporary, preliminary, and permanent injunctive relief, and monetary damages against Changzhou Prefluid Technology Co., Ltd. ("**Changzhou**") and

1

Prefluid TEC USA ("**PTU**") (collectively, Changzhou and PTU are "**Defendants**"), allege as follows:

## NATURE OF ACTION

1.  This is an action for trade dress infringement under the statutory laws of the United States. Plaintiffs seek a temporary restraining order, a preliminary and permanent injunction, and damages to redress Defendant's unlawful acts alleged herein.

## PARTIES

2.  WML is a corporation organized under the laws of the United Kingdom having its principal place of business in Falmouth, Cornwall, England. WML designs, manufactures, and sells high-end peristaltic pumps used for oil refinery, water treatment, sewage, and pharmaceutical and medical uses. WML's pumps are high quality and used for high volume production by large companies.

3.  WMI is a wholly owned subsidiary of WML and is organized under the laws of the state of Delaware having its principal place of business at 37 Upton Technology Park, Wilmington, Massachusetts.

4.  Defendant Changzhou is a Chinese corporation with its principal place of business at New North District, No. 21-1 Hengshan Road, Changzhou, Jiangsu, China, 213002.

5.  Defendant PTU is an unknown entity identified on Changzou's website as have a California address of 2500 Wilshire Blvd., Unit 926, Los Angeles, California, 90057. Plaintiffs have identified an entity known as PreFluid Technology USA, Inc., which is registered to do business in California, but it is at a different address. On information and belief due to its name, it appears that PTU is a d/b/a of PreFluid Technology USA. Inc.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121.

7. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred within this judicial district.

8. Defendants manufacture and sell peristaltic pumps and maintain an English language website ([www.prefluid.net](www.prefluid.net)), which is registered to Defendant Changzou, and which publicizes PTU as a contact in the U.S.  Many of these products advertised on the website infringe the trade dress of Plaintiffs' products.

9. On their website, Defendants admit that they have at least one customer located in the United States, particularly in the State of California.

10. Defendants market their products by, among other means, attendance at trade shows in the United States.

11. Defendants have registered to exhibit its products at the Interphex trade show in New York, NY, on March 18-20.  Thus, on information and belief Defendants intend to transact business within this judicial district beginning March 18 by making its products available for sale.

12. At the March 18-20 trade show, Defendants intend to exhibit products that infringe upon Plaintiffs' intellectual property.  In fact, Plaintiffs served a demand letter on March 13, 2014 to cease and desist the display of product at Interphex, and on March 14, 2014, Changzhou rejected such demand and stated its intent to participate in Interphex.  Thus, on information and belief Defendants intend to commit tortious acts within this judicial district.

## FACTUAL BACKGROUND

13. Plaintiff WMI was established in 1956 and manufactures, designs, and sells positive displacement pumps.

14. Established in 1991, Plaintiff WMI is the United States sales arm of WML.

15. Along with other Watson-Marlow entities around the world, Plaintiffs are the world's leading manufacturer of positive displacement pumps. For 58 years the Group has supplied trusted engineering and process expertise across a wide range of industries. It has installed over one million pumps worldwide.

16. In particular, Plaintiffs design, manufacture, and sell high-end peristaltic pumps used for oil refinery, water treatment, sewage, and pharmaceutical and medical uses.

17. Plaintiffs' pumps are the pumps of choice for applications requiring accuracy, hygiene, and reliability.

### Plaintiffs' Trade Dress

18. Plaintiffs have adopted trade dress for certain of its pumps to identify Plaintiff as the source of those products. The distinctive design of these products is synonymous with their high quality and recognized by customers around the world as identifying Plaintiffs as the source.

19. This is particularly true with regard to the following eight components of Plaintiffs' peristaltic pumps:

      i)     313D Pump Head;
      ii)    102R Pump Head;
      iii)   505L Pump Head;
      iv)   501R Pump Head;
      v)    400M1 Pump Head;
      vi)   701R Pump Head;
      vii)  520 Drive; and
      viii) 323S Drive.

(collectively, these products are the "**Pumps**").

20. Plaintiffs have been selling the Pumps internationally for decades. As a result of Plaintiffs' long, exclusive, continuous and wide-spread use of the Pump trade dress, the Pump trade dress has become associated by consumers with Plaintiffs.

21. Plaintiffs Pump trade dress has acquired secondary meaning, and has become an asset of substantial value as a symbol of Plaintiffs, their quality name, quality products, and goodwill.

22. Plaintiffs, through their significant effort, skill and expertise, have acquired and now enjoy substantial goodwill and a valuable reputation under the Pump trade dress.

<u>Plaintiffs' Learn of Defendants' Infringing Trade Dress</u>

23. In early 2013, Plaintiffs learned that Defendant Changzhou was manufacturing and selling in China pumps that infringe upon the trade dress of certain pumps or pump components manufactured, designed, and sold by Plaintiffs.

24. In particular, Defendants manufacture and sell the following eight pump components (collectively, the "Knock-Off Pumps"), all of which mimic upon the corresponding Pump of Plaintiffs in the manner described below:

| **Defendants' Knock-Off Pump** | **Plantiff's Pump** | **Nature of Mimicking** |
|---|---|---|
| E313D | 313D pump head | Same size, shape, & color; Warning label in the same position; Same numerical digits in name. |
| TH15 | 102R pump head | Same size, shape, & color. |
| E505Y | 505L pump head | Same size, shape, & color. Same numerical digits in name |
| TH16 | 501R | Same size, shape & colors. Identical details: a manual winding handle and rotor adjustment hole. |
| KZ10-A | Alitea 400M1 pump head | Same size, shape & colors. |
| SL360 | 701R pump head | Same size & shape. |

|       |           | Identical details: the handle, locking bolt, adjustment nuts, and loadsure carriage. |
|-------|-----------|---------------------------------------------------------------------------------------|
| WF350 | 520 Drive | Same color and shape. A mirror image of one another |
| WL600 | 323S Drive | Same color |

25. In February 2013, Plaintiffs became aware that Defendant Changzhou had exhibited the Knock-Off Pumps trade show in California known as MD&M on February 12-14, 2013. By the time Plaintiffs became aware of such exhibit and could take action, the trade show concluded and to Plaintiffs' knowledge departed the United States. Subsequently, Plaintiffs warned Defendant Changzhou not to offer the Knock-Off Pumps for sale in the United States or Plaintiff would enforce its rights through legal action.

26. An April 4, 2013, Plaintiffs wrote Changzhou and demanded that it cease its infringement.

27. An attorney for Changzhou responded on May 2, 2013, that because China did not recognize rights in unregistered trade dress, it did not have to cease its infringement.

28. Subsequently, Plaintiffs diligently searched for any efforts by Defendant Changzhou to further exhibit or sell the Knock-Off Pumps in the United States, but found none. Thus, Plaintiffs believed that Defendants had heeded their warning and were confining their sales efforts to China. Indeed, even the correspondence from Defendant Changzhou's attorney did not indicate any presence or intent to market in the U.S.

29. Plaintiffs routinely exhibit their products at the International Pharmaceutical Expo ("**Interphex**"). Interphex is scheduled to take place in New York, NY on March 18-20, 2014. Plaintiffs will be exhibiting at Interphex.

30. On March 11, 2014, Plaintiffs received the exhibitor list for Interphex, which identified Defendant Changzhou as an exhibitor. This is the first notice Plaintiffs have received

since the end of the MD&M 2013 that Defendant Changzhou intended to display and sell product in the U.S.  As part of Plaintiffs' immediate investigation, Plaintiffs noted that Defendant Changzou's website, www.prefluid.net, identified a U.S. entity known as Defendant PTU on Santa Monica Boulevard in Los Angeles, California.  This is the first Plaintiffs learned of such a U.S. entity, which appears to have been created long after the appearance in the U.S. and demands reference above. On March 11, 2014, Plaintiffs received the exhibit list for Interphex, which indicated that Defendants will be exhibiting products at Interphex.  On March 16, 2014, Plaintiffs identified the delivery of crates to the Changzhou space on Interphex showroom floor sent from PTU in Los Angeles.  This is the first time Plaintiffs identified the participation of PTU in the actual participation of marketing in the U.S.

31. Upon information and belief, Defendants intend to exhibit at Interphex its Knock-Off Pumps, which infringe upon the trade dress of Plaintiffs' Pumps.

32. The Knock-Off Pumps are also available for purchase at Defendant's English-language website, www.prefluid.net.

33. Upon information and belief, Defendants are selling or intends to sell, without Plaintiffs' consent, the Infringing Pumps in New York and interstate commerce.

34. Upon information and belief, Defendants intend to exhibit and offer for sale its Knock-Off Pumps with the intent to mislead the public into believing that Defendants' Knock-Off Pumps are genuine products designed, manufactured, sponsored, or approved by Plaintiffs.

35. Defendants sell the Knock-Off Pumps at a fraction of the cost of Plaintiffs' Pumps.

36. On March 13, 2014, Plaintiffs' attorney issued a written notice to Defendants advising Defendant of the infringing nature of its Knock-Off Pumps and demanded that Defendants not exhibit the Knock-Off Pumps at Interphex.

37. On March 14, 2014, one of Defendant Changzhou's representatives responded via email and said that Changzhou would "participate in Interphex as planned." Changzhou did not deny the infringing nature of Knock-Off Pumps. That representative attached a copy of the May 2, 2013 letter that Changzhou's attorney had sent previously.

38. In their March 14, 2014 response, Changzhou did not dispute that their Knock-Off Pumps infringed upon Plaintiffs' Pump trade dress. Instead, Changzhou relied on the ground that Chinese law does not protect unregistered trade dress.

39. Plaintiffs responded through counsel on March 14, 2014, and reiterated their demand that Defendants not exhibit the Knock-Off Pumps at Interphex, clarifying that the prior letter from Changzhou was based on Chinese law, whereas the current issue involved U.S. law, which recognizes unregistered trade dress.

40. All conditions precedent to this action have been performed, waived, or excused.

## COUNT I

**(Federal Unfair Competition:  Trade Dress Infringement, 15 U.S.C. § 1125(a))**

41. Plaintiffs incorporate the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiffs' Pump trade dress is distinctive and has acquired secondary meaning.

43. Plaintiffs' Pump trade dress is non-functional.

44. On information and belief, Defendants intend to or are distributing, exhibiting, offering and holding out for sale the Knock-Off Pumps in United States Commerce.

45. The Knock-Off Pumps produce a likelihood of consumer confusion, deception, and mistake.

46. Defendants' conduct amounts to unfair competition and trade dress infringement in violation of 15 U.S.C. § 1125(a).

47. By Defendants' conduct, including but not limited to its unauthorized use of Plaintiffs' Pump trade dress, Defendants will receive the benefit of Plaintiffs' goodwill.

48. Defendants' use of the Pump trade dress falsely indicates to the consuming public that Defendants and/or Defendants' goods are related, connection, sponsored, authorized, or affiliated with Plaintiffs and their goods.

49. Defendants' activities are likely to cause consumer confusion, mistake, and deception between Plaintiffs' goods and those of Defendants.

50. Upon information and belief, Defendants' unlawful conduct is deliberate, knowing, and in willful disregard of Plaintiffs' property rights.

51. Because of Defendants' conduct, Plaintiffs have suffered, and unless Defendants' conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

52. Upon information and belief, Defendants will, if not enjoined by this Court, continue their acts of trade dress infringement set forth above, which acts have caused, and will continue to cause, Plaintiffs immediate and irreparable harm.  Plaintiffs have no adequate remedy at law and, pursuant to 15 U.S.C. § 1116, is entitled to an Order of this Court enjoining Defendants' unlawful activities.

53. This is particularly true if Defendants is not enjoined from displaying, exhibiting, and offering for sale the Knock-Off Pumps at Interphex.

## **PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful conduct of Defendants alleged in this Complaint, Plaintiffs respectfully request that the Court enter judgment against Defendants, jointly and severally, as follows:

(1) That Plaintiff be granted preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from engaging in any acts in violation of the United States trademark laws from:

   1. engaging in the conduct complained of herein;

   2. using Plaintiffs' trade dress in any form, in any manner in connection with the sale, advertising, distribution, exhibition, or offering for sale of any products or services that are not genuine products or services of Plaintiffs; and,

   3. otherwise infringing Plaintiffs' trade dress in any manner.

(3) Awarding Plaintiffs damages for Defendants' violations of the Lanham Act in an amount equal to Defendants' profits from such violations and the costs of this action, pursuant to 15 U.S.C. § 1117;

(4) Awarding Plaintiffs damages for Defendants' infringement, with such amounts to be determined by the trier of fact and to be increased and trebeled as provided by law, including 15 U.S.C. § 1117 (a);

(5) Awarding Plaintiffs punitive damages in an amount to be determined by the trier of fact, for its willful infringement of Plaintiffs' trade dress;

(6) Awarding Plaintiffs their attorneys' fees pursuant to 15 U.S.C. § 1117(a);  and

(7) Granting Plaintiffs such other and further relief as the Court deems proper and just.

## JURY DEMAND

Plaintiffs request a trial by jury on all claims so triable.

MANDELBAUM, SALSBURG, LAZRIS & DISCENZA, P.C.

By: /s/ Lauren Topelsohn
LAUREN TOPELSOHN (LT-2759)

155 Prospect Avenue
West Orange, New Jersey 07052
T. (973) 736-4600
F. (973) 736-4670

Lawrence H. Kunin (pro hac vice admission to be applied for)
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Rd. N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

*Attorneys for Plaintiffs Watson-Marlow, Ltd. and Watson-Marlow, Inc.*